UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE BORIA,

                                            Plaintiff,

                                                                             5:17-CV-00486

v.

                                                                             (TJM/TWD)

NICHOLAS W. HICKS, et al.,

                                            Defendants.
_____

APPEARANCES:

JOSE BORIA
16-B-3783
Plaintiff pro se
Livingston Correctional Facility
P.O. Box 91
Sonyea, NY 14556

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      The Clerk has sent to the Court for review the Complaint in this civil rights action under 42 U.S.C. § 1983 brought by Plaintiff Jose Boria against Defendants Nicholas W. Hicks, his court appointed attorney; The People of the State of New York; Erie County; and Assistant District Attorney ("ADA") Nathanael C. Kapperman.[1]  (Dkt. No. 1 at 6-8.[2])

      Plaintiff is presently in the custody of the New York State Department of Corrections and Community Supervision and is housed at Livingston Correctional Facility.  *Id*. at 2.  Plaintiff,

---

[1] Defendant Nathanael C. Kapperman has been incorrectly identified as Nathanael C. Happerman on the docket sheet maintained by the Clerk's Office.

[2] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

who has not paid the filing fee for this action, has filed an application for leave to proceed *in forma pauperis* ("IFP Application") (Dkt. No. 3), along with the required Inmate Authorization Form. (Dkt. No. 2.)

## I.      IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's IFP Application (Dkt. No. 3), the Court finds that he meets this standard. Therefore, Plaintiff's IFP Application is granted.

## II.     INITIAL SCREENING

Having found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[3]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any

---

[3] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief can be granted; or . . . seeks monetary relief against a person who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing a *pro se* complaint, the Court has the duty to show liberality towards *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the Plaintiff has stated "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to Plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged but it has not "show[n] that the pleader is entitled to relief." *Id*. at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

3

Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotations marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id*. (citation omitted).

## III. COMPLAINT

Plaintiff alleges that on or about July 26, 2016, he was criminally charged with false impersonation, a Class B misdemeanor (N.Y. Penal Law ("PL") § 190.23); robbery in the first degree, a Class B felony (P.L. § 160.15); and petit larceny, a Class A Misdemeanor (P.L. § 155.25.) (Dkt. No. 1 at 6.) Plaintiff further alleges that on or about December 9, 2016, his court appointed attorney, Defendant Hicks, told him to plead guilty to a charge the District Attorney could not prove, and that the court would give him more time in prison if he went to trial on the charges against him. *Id*. Hicks told Plaintiff he would find him guilty if he were on the jury and to sign a paper and trust him. *Id*. at 8.

Plaintiff plead guilty and was sentenced to two and a half years to four years.[4] *Id*. at 6.

---

[4] According to the DOCCS inmate lookup website, Plaintiff was incarcerated for third degree robbery, a Class B felony. *See* http://nydoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000. (Last visited on June 13, 2017).

4

Plaintiff wishes to take back his guilty plea because Hicks lied to him and broke a promise when he told Plaintiff that he would get less prison time if he plead guilty because the Judge sentenced him to four years, which was eighty-five percent. *Id*. Plaintiff alleges that he thinks Kapperman and Hicks planned together to screw him over. *Id*. at 8. Plaintiff claims damage to his character and freedom and is seeking one-million dollars in damages. *Id*.

Plaintiff, who alleges he does not speak English, claims that The People of the State of New York failed to provide a legal assistant and interpreter so that he could understand what was happening. *Id*. at 5. Plaintiff's claim against Erie County relates to the Erie County Holding Center, where Plaintiff contends "justice was 'blind' because of their eyes are covered." *Id*.

## IV. ANALYSIS

### A. *Heck v. Humphrey*

Civil lawsuits may not be used to collaterally attack criminal convictions. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that:

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for harm caused by other actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. 477, 486-87 (1994). Under *Heck* and its progeny, a "§ 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

In this case, Plaintiff's claims for ineffective assistance of counsel, conspiracy, and failure to provide an interpreter, represent challenges that fall squarely within the ambit of *Heck*. Were Plaintiff to prevail on any of those claims, it would necessarily call into question the judgment of conviction for robbery in the third degree based on Plaintiff's guilty plea. *See Ramos v. Rust*, No. 6:15-CV-0212 (GTS/TWD), 2015 WL 3915972, at * 4 (N.D.N.Y. June 25, 2015).[5] Because Plaintiff has failed to show that his conviction has been overturned or his sentence invalidated, the Court finds that those claims are barred under *Heck* unless and until such time as Plaintiff's conviction is overturned or his sentence invalidated. *See Ingram v. Herrick*, 475 F. App'x 793, 794 (2d Cir. 2012) (a habeas corpus petition, not a § 1983 action, is the proper vehicle by which to seek relief from illegal confinement).

B.     **Plaintiff's Court-Appointed Attorney**

Section 1983 permits a person to recover damages for the deprivation of constitutional rights "under color of any state ordinance, regulation, custom, or usage of any State of Territory." 42 U.S.C. § 1983. "[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (citation omitted); *accord Polk Cty v. Dodson*, 454 U.S. 312, 325 (1981) (public defender not acting under color of state law when performing attorney's traditional functions as defense counsel). Thus, Plaintiff's § 1983 ineffective assistance of counsel claim fails to state a claim, and the Court recommends dismissal be with prejudice since a better pleading would not

---

[5]     Copies of the unpublished decisions cited herein will be provided to Plaintiff in accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

cure the defect.

A court-appointed attorney is, however, subject to § 1983 liability where he conspires with state officials to deprive his client of federal rights, and in his complaint, Plaintiff has attempted to assert a conspiracy claim by alleging that Hicks planned with Kapperman to "screw" Plaintiff in connection with his guilty plea and sentence. (Dkt. No. 1 at 8.) *See Tower v. Glover*, 467 U.S. 914, 923 (1984); *see also Fries v. Barnes*, 618 F. 2d 988, 990 (2d Cir. 1980) (section § 1983 action may be brought against a private party by making a showing "that a person acting under color of state law . . . collaborated or conspired with a private person . . . to deprive the plaintiff of a constitutional right. . . .").

In order to state a conspiracy claim under § 1983, a plaintiff must allege facts plausibly showing (1) an agreement between two or more state actors or state actor and private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing harm to plaintiff. *See Cambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). "[A] Section 1983 conspiracy claim against a private individual requires more than pleading simply, and in conclusory fashion that the defendant 'conspired' with state actors." *Stewart v. Victoria's Secret Stores*, LLC, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012) (citing *Ciambriello*, 292 F.3d at 324).

Plaintiff has not plead one single fact in his complaint plausibly showing the existence of a conspiracy between Hicks and Kapperman to "screw" or otherwise harm Plaintiff in connection with his guilty plea and sentence. Therefore, the Court finds that Plaintiff's conspiracy claim against Hicks fails to state a claim under § 1983. However, unlike the ineffective assistance of counsel claim, the Court recommends that dismissal of the conspiracy claim be without prejudice

7

so that Plaintiff will have an opportunity to file an amended claim in the event his conviction is "expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (quoting *Heck*, 512 U.S. at 487).

### B. ADA Kapperman

As noted above, Plaintiff has alleged in wholly conclusory fashion a conspiracy between Hicks and ADA Kapperman to "screw" Plaintiff with regard to his guilty plea and sentence. (Dkt. No. 1 at 8.) That is the sole claim asserted against Kapperman in the complaint. (*See generally* Dkt. No. 1.)

"Because a public prosecutor cannot zealously perform the prosecutorial duties of the office if compelled to work under the constant threat of legal reprisals, such official is shielded from liability for civil wrongs by the doctrine of absolute immunity." *Hill v. City of New York*, 45 F.3d 653, 656 (2d Cir. 1995). The Second Circuit explained in *Hill*, *id*. at 660-61, that:

> In determining whether absolute immunity obtains, we apply a "functional approach," looking at the function being performed rather than to the office or identity of the defendant. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993). State prosecutors are entitled to absolute immunity for that conduct "intimately associated with the judicial phase of the criminal process." *Imbler* [*v. Pachtman*, 424 U.S. 409, 430 (1976)]. Thus, a district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial. *Id*. at 430-31; *Buckley*, 509 U.S. at 273. Such official is also immune for conduct in preparing for those functions; for example, evaluating and organizing evidence for presentation at trial or to a grand jury, *Buckley*, 509 U.S. at 273, or determining which offenses are to be charged. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993). Prosecutorial immunity from § 1983 liability is broadly defined, covering "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Dory v. Ryan*, 25

F.3d 81, 83 (2d Cir. 1994).

Absolute immunity does not extend to a prosecutor's investigative or administrative acts. *Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976). A prosecutor is insulated by immunity from liability where his actions directly concern the pre-trial or trial phases of a case, even when the prosecutor is alleged to have engaged in such conduct as falsification of evidence, coercion of witnesses, solicitation or subornation of perjured testimony, withholding of evidence, or relying on illegally seized evidence at trial. *Taylor v. Kavanaugh*, 640 F.2d 450, 452 (2d Cir. 1981).

The Court finds that Plaintiff's claim that Kapperman planned with Hicks to "screw" Plaintiff with regard to his guilty plea and sentence falls within the scope of prosecutorial immunity and recommends dismissal of Plaintiff's § 1983 claim against Kapperman with prejudice.

### C. People of the State of New York

Plaintiff claims that the People of the State of New York violated § 1983 by failing to provide a legal assistant and interpreter so he could understand what was going on in the criminal proceeding. (Dkt. No. 1 at 5.) The Eleventh Amendment protects states against suits brought in federal court. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The protection granted by the Eleventh Amendment has been found to extend to suits against The People of the State of New York. *See Shivels v. New York*, 81 F. App'x 361, 362 (2d Cir. 2003) (affirming dismissal of claims against the People of New York on Eleventh Amendment grounds); *McCloud v. Jackson*, 4 F. App'x 7 (2d Cir. 2001) (same); *Brown v. People of the State of New York*, No. 95-CV-762 RSP/GJD, 1996 WL 589371, at * 2 (N.D.N.Y. Oct. 8, 1996) (because the prosecution of plaintiff's criminal action was clearly a function undertaken by the State of New York, plaintiff's

action against the People of the State of New York dismissed based on the Eleventh Amendment).

Therefore, the Court recommends that Plaintiff's claim against The People of the State of New York be dismissed with prejudice on Eleventh Amendment grounds.

### B. Erie County

The sole mention of Erie County in Plaintiff's complaint concerns the Erie County Holding Center where Plaintiff claims "justice was 'blind' because of their eyes are covered." (Dkt. No. 1 at 5.) The Court finds that it cannot be determined from the conclusory allegation in the complaint whether the claim against Erie County would be barred by *Heck*.

Pursuant to the standard for establishing municipality liability laid out in *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), in order to set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead and prove that a deprivation of his constitutional rights "was caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 471 US 808 F.3d 72, 80 (2d Cir. 2012) (citing *Monell,* 436 U.S. 658); *see also Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer.") A municipality may be liable for deprivation of constitutional rights under § 1983 for policies or customs resulting in inadequate training, supervision, or hiring when the failure to train, supervise, or hire amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). To establish

causation, there must "at the very least be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985).

Plaintiff has failed to identify or allege any facts showing the existence of a municipal policy or custom of Erie County or inadequacy of supervision and training with regard to his claim that the Erie County Holding Center was blind to justice. Therefore, the Court recommends that Plaintiff's § 1983 claim be dismissed as against Erie County without prejudice and with leave to amend.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 3) is **GRANTED**; and it is hereby

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED** on initial review under §§ 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A; and it is further

**RECOMMENDED** that Plaintiff's § 1983 claim against Defendant Hicks for ineffective assistance of counsel, which would otherwise be subject to dismissal without prejudice under *Heck*, be **DISMISSED WITH PREJUDICE** on the grounds that Hicks was not acting under color of state law as Plaintiff's court-appointed counsel; and it is further

**RECOMMENDED** that Plaintiff's § 1983 conspiracy claim against Defendant Hicks, be **DISMISSED WITHOUT PREJUDICE** on the grounds that it is presently barred under *Heck*; and it is further

**RECOMMENDED** that Plaintiff's § 1983 conspiracy claim against Defendant Kapperman, which would otherwise be subject to dismissal without prejudice under *Heck*, be **DISMISSED WITH PREJUDICE** on prosecutorial immunity grounds; and it is further

**RECOMMENDED** that Plaintiff's § 1983 claim against The People of the State of New

York for failure to provide legal assistance and an interpreter, which would otherwise be subject to dismissal without prejudice under *Heck*, be **DISMISSED WITH PREJUDICE** on the grounds that it is barred under the Eleventh Amendment; and it is further

**RECOMMENDED** that Plaintiff's § 1983 claim against Erie County be **DISMISSED WITHOUT PREJUDICE** and with leave to amend for failure to state a claim; and it is hereby

**ORDERED** that the Clerk's Office correct the docket to reflect the correct spelling of the name of Defendant Nathanael C. Kapperman, and provide Plaintiff with copies of this Order and Report-Recommendation and the unpublished decisions cited herein in accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: June 14, 2017
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[6] If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

1996 WL 589371
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Gregory V. BROWN, Plaintiff,
v.
PEOPLE of the State of New York;
Albany County; and Thomas Neidl,
Assistant Attorney General, Defendants.

No. 95–CV–762 RSP/GJD.
|
Oct. 8, 1996.

**Attorneys and Law Firms**

Gregory V. Brown, Nassau, NY, pro se.

Dennis C. Vacco, Attorney General of the State of New York ([Karen Marcoux Mankes](), Assistant Attorney General, of counsel), Albany, NY, for Defendants.

*ORDER*

POOLER, District Judge.

*1 The above matter comes to me following a report-recommendation by Magistrate Judge Gustave J. DiBianco, duly filed on the 5th day of September, 1996. Following ten days from the service thereof, the Clerk has sent me the entire file, including any and all objections filed by the parties herein.

After careful review of all of the papers herein, including the Magistrate Judge's report-recommendation, and no objections having been submitted thereto, it is

ORDERED, that

1. The report-recommendation herein is approved.

3. Defendant's motion to dismiss is granted and plaintiff's complaint is dismissed in its entirety.

IT IS SO ORDERED.

DI BIANCO, United States Magistrate Judge.

*REPORT–RECOMMENDATION*

This matter was referred to the undersigned for report and recommendation by the Honorable Rosemary S. Pooler, United States District Judge, by Standing Order dated August 2, 1985.

In his amended civil rights complaint, plaintiff appears to claim that his constitutional rights were violated when defendant Neidl allegedly made certain misrepresentations to the Albany County Grand Jury in April, 1995, relating to what is apparently a criminal matter involving plaintiff Brown. Specifically, plaintiff contends that Neidl presented certain facts to the Grand Jury, causing plaintiff to be charged with insurance fraud in a county with no jurisdiction to prosecute plaintiff.

Presently before the court is the defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for failure to state a claim upon which relief can be granted (Docket # 12). Additionally, defendants request that discovery be stayed pending the decision of the court on the motion to dismiss.

For the following reasons, the undersigned agrees with the defendants and will recommend dismissal of the complaint.

*DISCUSSION*

1. *Motion to Dismiss:*
A court may dismiss an action pursuant to Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Schmelzer v. Norfleet,* 903 F.Supp. 632, 634 (S.D.N.Y.1995) (citing *inter alia Conley v. Gibson,* 355 U.S. 41, 45–46 (1957). The complaint must be viewed in the light most favorable to the plaintiff, and the court must accept all allegations contained in the complaint as true. *Id.* (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Annis v. County of Westchester,* 36 F.3d 251, 253 (3d Cir.1994)). Particularly, when the plaintiff is pro se, the court must be quite liberal in its analysis of the sufficiency of the complaint. *Platsky v. CIA,* 953 F.2d 26, 28 (2d Cir.1991).

2. *Eleventh Amendment Immunity:*
The plaintiff in the instant case sues the People of the State of New York and Albany County. It is now well settled that a state cannot be sued under section 1983, and that this rule applies to states or governmental entities that are considered arms of the state for Eleventh Amendment purposes. *Komlosi v. New York State OMRDD,* 64 F.3d 810, 815 (2d Cir.1995) (*citing Will v. Michigan Department of Police,* 491 U.S. 58, 71 (1989)). This is true whether the court is determining Eleventh Amendment immunity or a statutory interpretation of section 1983. *Id.* at 815 n. 3.

**\*2** The prosecution of the plaintiff's criminal action was clearly a function undertaken by the State of New York. Thus, the plaintiff's action against the People of the State of New York may be dismissed based on the Eleventh Amendment and an interpretation of section 1983. *Komlosi,* 64 F.3d at 815. The court also notes that although Albany County is in the caption of the complaint, the only two defendants that have been served are the State of New York and Thomas Neidl. Thus, there is no 1983 claim against Albany County. [1]

The instant case may therefore be dismissed as against the People of the State of New York.

3. *Absolute Immunity:*
Plaintiff has also sued Thomas Neidl, Assistant Attorney General. Plaintiff alleges that Neidl presented false evidence to the Grand Jury, allowing the plaintiff to be indicted in a county without jurisdiction over him. A prosecutor enjoys absolute immunity for virtually all acts, regardless of motivation, associated with his function as an advocate. *Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir.1994). Those acts include the professional evaluation of the evidence and the appropriate preparation for its presentation at trial or before a Grand Jury after the decision to seek an indictment. *Id.* (*quoting Buckley v. Fitzsimmons,* 509 U.S. 259, 272–73 (1993)).

Plaintiff in the instant case was being prosecuted by an Assistant Attorney General for insurance fraud. Any statements that the Attorney General allegedly made to the Grand Jury in order to seek an indictment against plaintiff would be protected by absolute immunity because the statements involve the prosecutor's function as an advocate. Therefore, plaintiff has not stated a claim under section 1983 against defendant Neidl.

4. *Cognizable Claim:*
The court would also point out that the plaintiff is essentially stating that, because of defendant Neidl's actions, the court that convicted plaintiff of insurance fraud had no jurisdiction to proceed. A finding that the court had no jurisdiction would necessarily invalidate the conviction. In *Heck v. Humphrey,* 114 S.Ct. 2364 (1994), the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or a sentence invalid, a plaintiff under section 1983 must show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal organized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 2372. Unless the above has been shown, a claim for damages under section 1983 is not cognizable. *Id.*

In the instant case, even assuming that the plaintiff could sue New York State or Thomas Neidl, plaintiff has not shown that his conviction has somehow been invalidated. Thus, he has not stated a claim under section 1983.

**\*3** WHEREFORE, based on the above, it is hereby

RECOMMENDED, that defendants' motion to dismiss (Docket # 12) be GRANTED, and the complaint be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. *FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

Dated: September 5, 1996

Dated: Syracuse, New York

**All Citations**

Not Reported in F.Supp., 1996 WL 589371

## Footnotes

1   Additionally, since the plaintiff's prosecution was undertaken by New York State, Albany County was not involved in any way in the alleged due process violation.

---

**End of Document**                                        © 2017 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 3915972
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Ivan RAMOS, Plaintiff,
v.
Sergeant Carl RUST, Amsterdam Police Sgt.;
James E. Conboy, Montgomery Cnty. Dist.
Attorney; Ortiz, Amsterdam Police Officer;
Lochner, Amsterdam Police Officer; and
Bartman, Amsterdam Police Officer, Defendants.

No. 6:15–CV–0212 (GTS/TWD).
|
Signed June 25, 2015.

**Attorneys and Law Firms**

Ivan Ramos, Stormville, NY, pro se.

### DECISION and ORDER

GLENN T. SUDDABY, District Judge.

***1** Currently before the Court, in this *pro se* civil rights action filed by Ivan Ramos ("Plaintiff") against the five above-captioned individuals ("Defendants"), are (1) United States Magistrate Judge Thérèse Wiley Dancks' Report–Recommendation recommending that Plaintiff's claims against Defendant Conboy be dismissed with prejudice on the ground of absolute immunity ground, and that the remainder of Plaintiff s claims be dismissed without prejudice pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994), and (2) Plaintiff's Objection to the Report–Recommendation. (Dkt.Nos.8, 9.) After carefully reviewing the relevant filings in this action, the Court can find no error in the Report–Recommendation, clear or otherwise: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the ReportRecommendation for the reasons stated therein. (Dkt. No. 8.) To those reasons, the Court would add four points.

First, Plaintiff's is mistaken to the extent he believes that his claim of conspiracy to convict him for a double homicide that he did not commit under 42 U.S.C. § 1983 falls outside the ambit of *Heck v. Humphrey.* (Dkt. No. 9, at 1–2.) It does not. His claim seeks to recover damages for an allegedly unconstitutional conviction or imprisonment, and/or for other harm caused by actions whose unlawfulness would render his conviction or sentence invalid.

Second, Plaintiff is mistaken to the extent he argues that his Complaint alleges facts plausibly suggesting that Defendant Conboy was performing a function other than a prosecutor when he obtained an indictment against Plaintiff for double homicide. It does not. (*See generally* Dkt. No. 1, at ¶¶ 12–14 [Plf.'s Compl.].)

Third, Plaintiff has not shown cause for his request that the dismissal of his suit be " 'With-out cost' against the Plaintiff, meaning that the Filing fee be waived as well." (Dkt. No. 9, at 2.) While Plaintiff was permitted to proceed in this action without the *prepayment* of the Court's filing fee, he remains responsible for payment of the entire filing fee regardless of the outcome of the action-a fact he recognized when he signed the Inmate Authorization on or about April 20, 2015. (Dkt. No. 7.)

Fourth, Plaintiff's request for an opportunity to amend his Complaint before dismissal is denied. While Plaintiff's claims against Defendants other than Conboy are dismissed only without prejudice, that non-prejudicial dismissal is issued merely so that he may reassert them *after* he has taken such actions as are necessary to cause his conviction or sentence to be (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such determination, or (4) called into question by a federal court's issuance of a writ of habeas corpus. Based on the facts alleged in Plaintiff's Complaint, as well as the arguments (and lack of arguments) asserted in his Objection, the Court finds that it would be futile to permit him to amend his Complaint now, or any time in the foreseeable future, so as to allege facts plausibly suggesting that one of the four above-described preconditions has been met.[1] The Court notes that Plaintiff's Complaint, which is dated February 19, 2015, expressly alleges that he "is now in the middle of a long [p]rocess of appeals, due to this conspiracy against him com[m]itted by" Defendants. (Dkt. No. 1. at ¶ 18 [Plf.'s Compl.].)

**\*2 ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Dancks' Report–Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

*ORDER AND REPORT–RECOMMENDATION*

THÉRÈSE WILEY DANCKS, United States Magistrate Judge.

**I. INTRODUCTION**
The Clerk has sent to the Court for review the complaint submitted in this action by Plaintiff Ivan Ramos under 42 U.S.C. § 1983. (Dkt. No. 1.) Defendants are Amsterdam Police Sergeant Carl Rust; Montgomery County District Attorney James E. Conboy; and Amsterdam Police Officers Ortiz, Lochner, and Bartman. Plaintiff seeks damages and declaratory and injunctive relief against Defendants for allegedly framing him on a double homicide and obtaining an indictment against him with no evidence, which resulted in his being imprisoned in violation of his rights under the Eighth and Fourteenth Amendments.

Plaintiff, who has not paid the filing fee for this action, submitted an initial application for leave to proceed *in forma pauperis* ("IFP Application") which was denied as incomplete. (Dkt. Nos. 2 and 4.) Plaintiff has now submitted a complete IFP Application. (Dkt. No. 5.)

**II. IFP APPLICATION**
As to Plaintiffs IFP Application (Dkt. No. 5), the Court finds that Plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District to proceed with this matter *in forma pauperis.* (Dkt. No. 3.) Therefore, Plaintiff's IFP Application is granted.

**III. INITIAL SCREENING**
Having found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis,* and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) directs that when a plaintiff proceeds *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (i)-(iii). [1]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief can be granted; or ... seeks monetary relief against a person who is immune from such relief" 28 U.S.C, § 1915A.

In reviewing a *pro se* complaint, the Court has the duty to show liberality towards *pro se* litigants, *see Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990), and should exercise "extreme caution ... in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the Plaintiff has stated "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to Plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged but it has not "show[n] that the pleader is entitled to relief." *Id.* at 679 (quoting Federal Rule of Civil Procedure 8(a)(2)). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, ... it demands more than an unadorned, the-

defendant-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotations marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown,* 335 F. App'x 102, 104 (2d Cir.2009).

**\*3** Where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco,* 222 F.3d at 112 (citation omitted).

**IV. PLAINTIFF'S COMPLAINT**
According to Plaintiff, Defendant Police Officers Sergeant Rust, Ortiz, Lochner and Bartman all responded to the scene of a double homicide on March 2, 2012. (Dkt. No. 1 at ¶¶ 3, 7–8.) Some time after the murders, Plaintiff was picked up, questioned about the double homicide and released. *Id.* at ¶ 11. On his way home from the police station, Plaintiff was arrested and charged with "minute charges steming (sic) from stolen items." *Id.*

While Plaintiff was incarcerated in the Montgomery County Jail, the Defendant Police Officers allegedly conspired to build a case against him for the double homicide using fabricated evidence. *Id* . at ¶¶ 12, 14. Defendant District Attorney James E. Conboy is alleged to have obtained a four count indictment against him, including two counts of Murder in the First Degree, a Class A–I felony, and two counts of Criminal Possession of a Weapon in the Third Degree, with no proof. (Dkt. No. 1 at ¶ 13.) Plaintiff was required to go to trial on the allegedly trumped up charges, was convicted, and was sentenced to life without the possibility of parole. *Id.* at ¶¶ 14, 16.

Plaintiff claims that he was denied due process under the Fourteenth Amendment when he lost the criminal trial on which he was indicted as a result of the conspiracy and the trumped up charges. *Id.* at ¶¶ 14–15. Plaintiff also claims that the Defendants' actions were done maliciously and sadistically in violation of his Eighth Amendment protection against cruel and unusual punishment. *Id.* at ¶ 18. Plaintiff seeks a declaratory judgment declaring that his Eighth and Fourteenth Amendments were violated, possible injunctive relief, and compensatory damages of $5,000,000 against Defendants. *Id.* at pp. 1, 4.

**V. ANALYSIS**

**A. Absolute Immunity for the Montgomery County District Attorney**
Plaintiff claims that District Attorney Conboy violated his constitutional rights by obtaining an indictment against him when the District Attorney had absolutely no proof that Plaintiff had committed the crimes. (Dkt. No. 1 at ¶ 13.) "Because a public prosecutor cannot zealously perform the prosecutorial duties of the office if compelled to work under the constant threat of legal reprisals, such official is shielded from liability for civil wrongs by the doctrine of absolute immunity." *Hill v. City of New York,* 45 F.3d 653, 656 (2d Cir.1995). The Second Circuit explained in *Hill, id.* at 660–61, that:

**\*4** In determining whether absolute immunity obtains, we apply a "functional approach," looking at the function being performed rather than to the office or identity of the defendant. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 268–69 (1993). State prosecutors are entitled to absolute immunity for that conduct "intimately associated with the judicial phase of the criminal process." *Imbler [v. Pachtman,* 424 U.S. 409, 430 (1976) ]. Thus, a district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial. *Id.* at 430–31; *Buckley,* 509 U.S. at 273. Such official is also immune for conduct in preparing for those functions; for example, evaluating and organizing evidence for presentation at trial or to a grand jury, *Buckley,* 509 U.S. at 273, or determining which offenses are to be charged. *See Ying Jing Gan v.. City of New York,* 996 F.2d 522, 530 (2d Cir.1993). Prosecutorial immunity from § 1983 liability is broadly defined, covering "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir.1994).

Absolute immunity is defeated only when a prosecutor is engaged in investigative, rather than prosecutorial, functions. *Bernard v.. County of Suffolk,* 356 F.3d 495,

502–03 (2d Cir.2004). Because the allegations against Conboy relate to the initiation of a prosecution against Plaintiff, i.e., seeking an indictment from a grand jury, he is entitled to absolute immunity. Therefore, the Court recommends that the action be dismissed as against Defendant Conboy with prejudice.

### B. *Heck v. Humphrey*

In addition, Plaintiffs § 1983 claims against all of the Defendants are barred under *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994), in which the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizant under § 1983. (emphasis in original).

Plaintiff's claims fall squarely within the ambit of *Heck.* Were he to succeed on any theory espoused by him, he would necessarily call into question the validity of the conviction he is challenging in this action. Because Plaintiff has failed to show that his conviction has been overturned, his § 1983 claims are barred under *Heck* unless and until such time as Plaintiff's conviction is overturned or his sentence is invalidated.[2]

**\*5 WHEREBY,** it is hereby

**ORDERED** that Plaintiff's IFP Application is **GRANTED** (Dkt. No. 5); and it is

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED** as follows:

(1) against Defendant Conboy with prejudice on absolute immunity grounds; and

(2) against Defendants without prejudice as barred under *Heck v.. Humphrey,* 512 U.S. 477 (1994); and it is

**ORDERED** that the Clerk serve a copy of this Order and Report–Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. ***FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.*** *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993) (citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72.

Filed April 27, 2015.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 3915972

Footnotes

| 1 | See *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.") (citations omitted); *Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at \*1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile."). |
| --- | --- |
| 1 | To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). |
| 2 | A habeas corpus petition, not a § 1983 suit, is the appropriate vehicle by which to seek relief from illegal confinement. See *Ingram v. Herrick,* 475 F. App'x 793, 794 (2d Cir.2012) (citing *McKithen v. Brown,* 481 F.3d 89, 102 (2d Cir.2007)). |

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.