**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**JOSE BORIA,**

        **Plaintiff,**

    **v.**
                                      **5:17-CV-00486**

**NICHOLAS W. HICKS,** *et al.***,**

        **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

This *pro se* action was referred to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, for initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A. No objections to Magistrate Judge Dancks' Order and Report-Recommendation [dkt. # 6] have been filed, and the time to do so has expired.

**II.    DISCUSSION**

After examining the record, this Court has determined that the recommendations in the Order and Report-Recommendation are not subject to attack for plain error or manifest injustice.

**III.    CONCLUSION**

Accordingly, the Court ADOPTS the recommendations in the Order and Report-Recommendation [dkt. # 6] for the reasons stated therein. Therefore, it is hereby

1

**ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED** on initial review under §§ 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A; and it is further

**ORDERED** that Plaintiff's § 1983 claim against Defendant Hicks for ineffective assistance of counsel, which would otherwise be subject to dismissal without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), is **DISMISSED WITH PREJUDICE** on the grounds that Hicks was not acting under color of state law as Plaintiff's court-appointed counsel; and it is further

**ORDERED** that Plaintiff's § 1983 conspiracy claim against Defendant Hicks is **DISMISSED WITHOUT PREJUDICE** on the grounds that it is presently barred under *Heck*; and it is further

**ORDERED** that Plaintiff's § 1983 conspiracy claim against Defendant Kapperman, which would otherwise be subject to dismissal without prejudice under *Heck*, is **DISMISSED WITH PREJUDICE** on prosecutorial immunity grounds; and it is further

**ORDERED** that Plaintiff's § 1983 claim against The People of the State of New York for failure to provide legal assistance and an interpreter, which would otherwise be subject to dismissal without prejudice under *Heck*, is **DISMISSED WITH PREJUDICE** on the grounds that it is barred under the Eleventh Amendment; and it is further

**ORDERED** that Plaintiff's § 1983 claim against Erie County is **DISMISSED WITHOUT PREJUDICE** and with leave to amend for failure to state a claim.

If plaintiff elects to file an amended complaint asserting a § 1983 claim against Erie

County, he must do so within thirty (30) days from the date of this Decision and Order.[1] Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading.  Therefore, if plaintiff files an amended complaint, he **must properly allege in the amended complaint all factual bases for all claims asserted therein, and the amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure.**  The failure to file an amended complaint within this time frame will be deemed an abandonment of the § 1983 claim against Erie County, and the Court Clerk's Office will close this file and enter judgment for defendants.</u>

**IT IS SO ORDERED**.

Dated. July 12, 2017

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] This thirty (30) day time limit does not apply to the conspiracy claim against Defendant Hicks that was dismissed without prejudice under *Heck*. As Magistrate Judge Dancks explained, in order to avoid a *Heck* bar, plaintiff must show that his conviction has been overturned or his sentence invalidated - which understandably could take more than thirty (30) days from the date of this decision to establish.